UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

AVERY HARDY,

    Petitioner,

  v.                                   Case No: 5:11-cv-523-Oc-29PRL

WARDEN, FCC COLEMAN.USP I,

    Respondent
_____/

## ORDER OF DISMISSAL

This case is before the Court upon review of Avery Hardy's ("Petitioner's") habeas corpus petition filed pursuant to 28 U.S.C. § 2241 (Doc. 1). Petitioner is an inmate currently confined at the Federal Correctional Institution in Berlin, New Hampshire.[1] He brings this action to challenge the life sentence imposed by the United States District Court for the Middle District of Georgia in his 2005 conviction for possession of more than fifty grams of crack cocaine with the intent to distribute (M.D. Ga. Case No. 1:05-cr-22-WLS).

---

[1] At the time this action was filed, Petitioner was incarcerated at the Federal Correctional Institution in Coleman, Florida. Accordingly, venue is proper. See 28 U.S.C. § 2241(d); Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991) (recognizing that motions made pursuant to § 2241 must be brought only in the district court for the district in which the inmate is incarcerated). If a district court properly acquires jurisdiction when a case is filed, the petitioner's subsequent removal to another judicial circuit does not destroy the court's jurisdiction. Rumsfield v. Padilla, 542 U.S. 426, 439 (2004).

Petitioner argues that the district court did not have jurisdiction to sentence him to a mandatory life sentence because the "Government's 851 notice does not state in writing two 'felony drug offenses' of the petitioner [sic] which constitute[s] a jurisdiction defect." (Doc. 1 at 3). Respondent asserts that this Court lacks jurisdiction to consider this § 2241 petition (Doc. 6). Respondent also argues that the petition should be denied for lack of merit. Id.

After consideration of the issues and the pleadings filed in this case, the Court dismisses the petition as an improper filing under 28 U.S.C. § 2241.

## I. Background

On October 5, 2005, a jury found Petitioner guilty of possession of more than fifty grams of crack cocaine with the intent to distribute it, in violation of 21 U.S.C. §§ 841(a) and (b)(1)(A)(iii) (Doc. 6-1 at 6). Petitioner's conviction carried an unenhanced maximum sentence of life imprisonment. See 21 U.S.C. § 841(b)(1)(A). However, because, prior to trial, the United States filed an information pursuant to 21 U.S.C. § 851 ("§ 851 notice"), notifying Petitioner of its intent to seek enhanced penalties based upon his prior convictions for felony drug offenses, he faced a statutory minimum sentence of life imprisonment. See Doc. 6-1 at 5; Doc. 6-2 at 2; 21 U.S.C. §

841(b)(1).  On January 12, 2006, Petitioner was sentenced under 21 U.S.C. § 841(b)(1) to a mandatory term of life imprisonment.  Id.

Petitioner filed a direct appeal of his conviction, and the Eleventh Circuit affirmed, noting that "the entire record reveals no arguable issues of merit[.]"  United States v. Hardy, 209 F. App'x 906, 906 (11th Cir. 2006).

On September 25, 2008, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, in which he raised claims of ineffective assistance of counsel and Fourth Amendment violations (Doc. 6-1 at 9).  The § 2255 motion was denied.  Hardy v. United States, Case No. 1:08-cv-90027-WLS, 2008 WL 8126040 (M.D. Ga. Oct. 14, 2008).

Petitioner filed the instant petition and a supporting memorandum of law on September 8, 2011 (Doc. 1; Doc. 2).  In the petition, he argues that the Government's § 851 notice improperly listed one of his prior drug offenses as "possession of marijuana with the intent to distribute" while the plea colloquy establishes that he was actually convicted of felony possession of marijuana (Doc. 1 at 9).  Petitioner argues that mere possession of marijuana is not a felony under 21 U.S.C. §§ 802(44), 841(b)(1)(A) and 851(a)(1).  Id.

Respondent contends that Petitioner cannot bring this claim in a § 2241 petition because it is not based upon a retroactively

3

applicable Supreme Court decision, and it "is a garden-variety challenge to the sufficiency of the section 851 notice in his case which [Petitioner] should have made — if at all — on direct appeal." (Doc. 6 at 8). Respondent also argues that Petitioner's claim fails on the merits because "possession of an unspecified quantity of marijuana is a felony under Georgia law." Id.

## II. Analysis

Petitioner has styled this action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, which provides a means for a prisoner to challenge the execution of his sentence. Here, however, Petitioner challenges the validity of his sentence because he claims the district court lacked jurisdiction to give him an enhanced sentence. Ordinarily, an action in which an individual seeks to collaterally attack his conviction or sentence should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255(a); Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, because Petitioner's previous § 2255 motion was denied by the court that imposed his sentence, Petitioner may not file another § 2255 motion without first receiving permission from the appropriate United States Court of Appeals, which Petitioner has failed to do. 28 U.S.C. § 2255(h); Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005)("[w]hen a prisoner has previously filed a § 2255 motion to vacate, he must

apply for and receive permission . . . before filing a successive § 2255 motion").

Because Petitioner is barred from filing another § 2255 motion, he filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. Although 28 U.S.C. § 2255(e) expressly limits the circumstances under which a § 2241 motion may be filed, Petitioner asserts that he properly filed this motion under § 2241 because the Supreme Court's decision in <u>Carachuri-Rosendo v. Holder</u>, 130 S. Ct. 2577 (2010) establishes that the Government's defective § 851 notice meant that he had no opportunity to challenge his prior convictions. Therefore, Petitioner argues, he should not have been subject to a mandatory life sentence (Doc. 2 at 3-4). Petitioner claims that he was foreclosed from raising this issue earlier by <u>Perez v. United States</u>, 249 F.3d 1261 (11th Cir. 2001) (Doc. 7 at 4).

### *a.  The savings clause provision of 28 U.S.C. § 2255(e) has limited application to sentencing claims*

Under § 2255(e)'s savings clause, a prisoner may file a § 2241 petition if an otherwise available remedy under § 2255 is inadequate or ineffective to test the legality of his detention. Specifically, § 2255(e) provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this

5

> section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, ***unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.***

28 U.S.C. § 2255(e) (emphasis added). Where, as here, a petitioner challenges only a "fundamental defect in sentencing," he must establish two necessary conditions before he may invoke § 2255(e)'s saving clause: (1) the claim must be based upon a retroactively applicable Supreme Court decision; and (2) the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion. Williams v. Warden, Federal Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013)(modifying the test set forth in Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999)).[2]

---

[2] Both Petitioner and Respondent rely on Wofford v. Scott as providing the Eleventh Circuit's appropriate "savings clause" test. In Wofford, the Eleventh Circuit interpreted the savings clause provision of § 2255(e) to mean that the clause applies to open a portal to § 2241 review when: (1) a claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of the Supreme Court decision establishes that the petitioner was convicted for an offense that is now nonexistent; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the trial, appeal, or first § 2255 motion. 177 F.3d at 1244.

6

This threshold showing is a jurisdictional requirement, and where it is absent, federal courts lack authority to consider the merits of a petitioner's § 2241 claims. Williams, 713 F.3d at 1338.

### *b. Petitioner has not identified a retroactively applicable United States Supreme Court decision that opens the door to § 2241 review*

Petitioner argues that the Government's § 851 notice was defective because it incorrectly described his felony possession conviction as "possession with intent to distribute" (Doc. 1 at 9, 18). Petitioner points to Carachuri-Rosendo v. Holder as a retroactively applicable Supreme Court decision establishing that a defective § 851 notice forecloses the ability of the district

---

In an *en banc* decision in 2011, however, the Eleventh Circuit explained that the three-pronged Wofford test was "only dicta," and clarified that the actual holding in Wofford was "simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings." Gilbert v. United States, 640 F.3d 1293, 1319 (11th Cir. 2011). The three-pronged Wofford test has not been overturned or rejected by the Eleventh Circuit in cases where a petitioner claims that he is actually innocent of the underlying crime for which he is currently imprisoned. Williams, 713 F.3d 1332 (11th Cir. 2013).
   Petitioner asserts that he is actually innocent of the sentence enhancement and that the Court's judgment against him is void (Doc. 2 at 6). However, he does not assert that he is actually innocent of his federal convictions or of his underlying prior drug convictions. Rather, he is asserting only *legal* innocence: that the district court should not have determined that his prior conviction for possession of marijuana was a felony. Accordingly, Williams, not Wofford, provides the legal test under which to evaluate whether § 2255(e)'s savings clause opens a portal to § 2241 review of Petitioner's claim.

7

court to impose an enhanced sentence based on the fact of a prior conviction (Doc. 2 at 3-5). Carachuri-Rosendo does not open the door to review of this § 2241 petition for two reasons.

First, the United States Supreme Court has stated that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." Tyler v. Cain, 533 U.S. 656, 663 (2001) (internal quotations omitted). The Supreme Court has not declared its decision in Carachuri-Rosendo to be a new rule of constitutional law that is retroactively applicable. Moreover, the Eleventh Circuit has not recognized it as such. See, e.g., Trice Bey v. Warden, FCI Bennettsville, S. Carolina, 511 F. App'x 941 (11th Cir. 2013)(explaining that the Supreme Court did not make Carachuri-Rosendo retroactive to cases on collateral review).

Next, even setting aside the question of Carachuri-Rosendo's retroactivity, the facts are not analogous to Petitioner's case. Carachuri-Rosendo concerned a removal proceeding under the Immigration and Nationality Act ("INA") and whether the petitioner's second state conviction for misdemeanor drug possession qualified as an "aggravated felony" for purposes of determining the petitioner's rights under the INA. The Government argued that the petitioner's second state misdemeanor drug conviction qualified as an "aggravated felony" under the INS

statutes because the state prosecutor <u>could</u> have charged him with a felony and because the charge <u>could</u> have been a felony if prosecuted in federal court. The Supreme Court disagreed, in part because allowing the Government to simply assume that a state drug conviction would have been a felony under the recidivist statute in federal court ignored 21 U.S.C. § 851's mandatory notice requirement. <u>Carachuri-Rosendo</u>, 130 S. Ct. at 2579-80.

Presumably, Petitioner seeks to analogize the removal proceedings under the INA to the sentencing enhancement sought by the Government at his sentencing. Indeed, the <u>Carachuri-Rosendo</u> Court did specifically note that "[n]otice, plus an opportunity to challenge the validity of the prior conviction used to enhance the current conviction, §§ 851(b)-(c), are mandatory prerequisites to obtaining a punishment based on the fact of a prior conviction." 130 S. Ct. at 2582. However, this statement was not a "new" rule of law that overturned any precedent; rather it was merely a recognition of the current state of the law. The Court noted:

> We have previously recognized the mandatory nature of these requirements, as have the courts of appeals. <u>See</u> <u>United States v. LaBonte</u>, 520 U.S. 751, 754, n. 1, 117 S. Ct. 1673, 137 L.Ed.2d 1001 (1997) ("We note that imposition of an enhanced penalty [for recidivism] is not automatic. . . . If the Government does not file such notice [under 21 U.S.C. § 851(a)(1)] . . . the lower sentencing range will be applied even though the defendant may otherwise be eligible for the

9

>    increased penalty"); see also, e.g., United States v. Beasley, 495 F.3d 142, 148 (4th Cir.2007); United States v. Ceballos, 302 F.3d 679, 690-692 (7th Cir.2002); United States v. Dodson, 288 F.3d 153, 159 (5th 2002); United States v. Mooring, 287 F.3d 725, 727-728 (8th 2002). Although § 851's procedural safeguards are not constitutionally compelled, see Almendarez-Torres, 523 U.S. at 247, 118 S. Ct. 1219, they are nevertheless a mandatory feature of the Controlled Substances Act and a prerequisite to securing a felony conviction under § 844(a) for a successive simple possession offense.

Carachuri-Rosendo, 560 U.S. at n.6. Nothing precluded Petitioner from challenging the legality of his allegedly defective § 851 notice at trial, on appeal, or in his first § 2255 motion. To the contrary, the holding in LaBonte would have supported such a challenge. 520 U.S. at 724 n.1. Accordingly, Carachuri-Rosendo is not a retroactively applicable Supreme Court decision that satisfies the first Williams requirement to open a portal to § 2241 review.

Nor did the Eleventh Circuit's 2001 holding in Perez v. United States, foreclose a challenge to Petitioner's allegedly defective § 851 notice so that he could not have raised it at trial, on appeal, or in his first § 2255 motion. In fact, Perez would have supported such a claim. In Perez, the Eleventh Circuit

10

specifically noted that it generally required "strict compliance" with the notice requirements of § 851. 249 F. 3d at 1264.[3]

In Wofford, the Eleventh Circuit stated that all that is required under 28 U.S.C. § 2255(e) is that a petitioner have had an "unobstructed procedural shot" at getting his sentence vacated. Wofford, 177 F.3d at 1244. "That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed." Id.; see also Turner v. Warden, Coleman FCI, 709 F.3d 1328 (11th Cir. 2013)(holding that § 2255(e)'s savings clause did not cover federal habeas petitioner's claim, because it could have been raised in an earlier § 2255 proceeding). Because circuit precedent did not foreclose this claim in 2005, when Petitioner was convicted and sentenced, his first § 2255 motion was not inadequate or ineffective to raise the instant sentencing claim.

---

[3] The original § 851 notice in Perez' case listed the incorrect year of one of his convictions, but the prosecutor amended the notice prior to Perez' entry of a guilty plea and prior to his sentence. Perez sought to invalidate the amended notice as untimely filed. The Eleventh Circuit did not declare the amended notice invalid, recognizing that § 851(a)(1) allows the correction of clerical mistakes in a § 851 notice at any time prior to the pronouncement of sentence if the original § 851 notice was timely filed before the entry of a guilty plea. Perez, 249 F.3d at 1267.

11

Accordingly, the savings clause provision of § 2255(e) does not apply to this petition.

### c. Petitioner's conviction for felony possession of marijuana qualified as a felony drug offense under 21 U.S.C. § 841

Title 21 U.S.C. § 841(b) ratchets up the mandatory minimum sentences for recidivist drug offenders. Specifically, it provides that if a defendant was previously convicted of a felony drug offense, the five-year and ten-year mandatory minimum sentences for certain drug crimes are doubled. 21 U.S.C. § 841(b)(1)(A)-(B). For a defendant, such as Petitioner, with two or more prior drug felonies, the mandatory minimum is increased to life in prison. 21 U.S.C. § 841(b).

The term "felony drug offense" is defined very broadly. Under 21 U.S.C. § 802(44), a "felony drug offense" is any "offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances."

Petitioner argues that he pleaded guilty to "simple possession of marijuana, a misdemeanor punishable by no more than 1 year in jail[,]" and therefore, "the district court [did not] have jurisdiction to enhance his sentence to life." (Doc. 2 at 3).

This assertion is belied by Petitioner's plea colloquy in which he pleaded guilty to <u>felony</u> possession of marijuana and was sentenced to two years in the penitentiary (Doc. 1 at 18).[4]

Accordingly, even if the Court had jurisdiction to consider Petitioner's § 2241 petition, his claim would fail on the merits.

### III.    <u>Conclusion</u>

Because Petitioner cannot satisfy the first prong of the <u>Williams</u> test, the savings clause of § 2255(e) does not apply, and Petitioner's collateral attack on his federal conviction must be treated as a § 2255 petition. However, Petitioner has previously filed a § 2255 petition, and the instant action is successive. Therefore, this Court is without jurisdiction to consider it. Consequently, the petition must be dismissed. Moreover, because

---

[4] Georgia Code § 16-13-30(j)(1) specifically states that "[i]t shall be unlawful for any person to possess, have under his or her control, manufacture, deliver, distribute, dispense, administer, purchase, sell, or possess with intent to distribute marijuana." If the quantity of marijuana is greater than one ounce, it is a felony punishable by more than one year in prison. Although possession of less than one ounce of marijuana is a misdemeanor under Georgia law, such is not punishable by more than one year in prison. <u>See</u> Ga. Code § 16-13-2(b). Accordingly, in addition to the state court's classification of Petitioner's conviction as a felony, Petitioner's two-year sentence indicates that his conviction for possession of marijuana was a felony conviction under Georgia Code § 16-13-30(j)(1).

Petitioner had two qualifying prior drug convictions, he qualified for enhanced sentencing under 21 U.S.C. § 841(b).

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. The 28 U.S.C. § 2241 (Doc. 1) petition filed by Avery Hardy is **DISMISSED** as an improper filing under § 2241; and

2. The Clerk is directed to enter judgment against Hardy, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida, this __18th__ day of November, 2013.

*/s/ John E. Steele*
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: OrlP-4  11-13
Copies furnished to:
All parties of record

14